UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

IN RE: PEARLAND SUNRISE LAKE § CASE NO. 10-11926
  VILLAGE I, LP §
 §
  DEBTOR §
 § CHAPTER 11

## MOTION FOR AUTHORITY TO USE CASH COLLATERAL AND PROVIDE ADEQUATE PROTECTION

TO THE HONORABLE CRAIG GARGAROTTA, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Pearland Sunrise Lake Village I, LP ("Debtor"), Debtor in the above-styled and referenced case, and files this its Motion for Authority to Use Cash Collateral and Provide Adequate Protection (the "Motion") and in support thereof respectfully states the following:

1. This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (M). Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

2. Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §101, *et. seq.,* (the "Bankruptcy Code") on July 9, 2010 (the "Petition Date"). Debtor is operating its business and managing its assets as a debtor-in-possession. This Court has not appointed a trustee or examiner nor has any official committee been established in this case.

3. Debtor owns and operates the office building and shopping center known as Pearland Sunrise Lake Village located at 9415 Broadway, Pearland, Texas (the "Property").

4. Debtor is indebted to C-III Asset Management, LLC fka Centerline Servicing, Inc. ("C-III") which claims an interest in cash collateral generated by the Property.

5. Debtor needs to use cash collateral, namely rents and revenues from the Property, in the ordinary course of its business. Debtor's six-month budget is attached as Exhibit A.

6. Until a plan of reorganization is confirmed in this case, Debtor must obtain approval for the use of its rents and revenues as they are cash collateral of C-III and may be cash collateral as to additional parties as well. It is critical for Debtor to have access to its cash to continue to operate in the ordinary course of business and to pay normal operating expenses in order to retain its tenants.

7. Debtor cannot meet its ongoing post-petition obligations unless it can use the cash collateral. In order to continue operations as normal and to preserve the value of the estate pending confirmation of a plan of reorganization, Debtor needs immediate authority to use the cash collateral.

8. Debtor requires immediate authority from the Court to use the cash collateral in the ordinary course of its business and on an interim basis until there is a final hearing on this Motion.

9. Debtor requests the authority to use cash collateral to operate its business.

10. Under 11 U.S.C. §363(c)(2), the Debtor may not use, sell, or lease the cash collateral without the Court's authority or consent. Section 363(e) allows the Court to grant this authority if adequate protection is provided to the secured parties.

11. Debtor requires the continued authority to use cash collateral beyond the interim period in order to continue its business and maintain the Property until a plan of reorganization is

confirmed. Debtor will continue to need to use the cash collateral during the pendency of this bankruptcy case.

12. Debtor also requests that this Court schedule a hearing for final approval on the use of cash collateral, on notice to creditors and parties in interest, in the event an objection is filed to the terms of an interim order.

13. Without the ability to use cash collateral, Debtor will lose its tenants and its business will deteriorate. Failure to gain authority to use such cash collateral will result in a cessation of Debtor's business activities, which would expose Debtor to additional liability and would leave unsecured creditors with little hope of recovery in this case.

14. Debtor proposes to provide adequate protection to C-III in the form of replacement liens. In addition, the Debtor will escrow for ad valorem taxes on a monthly basis.

15. C-III will be additionally adequately protected in that use of cash collateral to operate the Property will enable the Debtor to retain its tenants, thus preserving the value of the Property, which is C-III's collateral.

16. Debtor has sought C-III's permission to use cash collateral, but such permission has not been granted. Debtor is contemporaneously filing a motion for an expedited hearing on this Motion.

WHEREFORE, Debtor requests that the Court authorize the use of cash collateral on an interim basis and, upon setting and conducting a final hearing, issue a final order authorizing the use of such cash collateral with adequate protection to C-III as set forth herein and for such further relief to which Debtor is justly entitled.

Respectfully submitted by:

LAW OFFICES OF FRANK B. LYON

Northpoint Centre I - Suite 150
6836 Austin Center Boulevard
Austin, Texas 78731
(512) 345-8964
(512) 345-4393 (fax)

By: /s/Frank B. Lyon
    FRANK B. LYON
    State Bar No. 12739800

ATTORNEY FOR DEBTOR

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above Motion will be served by ECF notification on September 14, 2010 to the parties below:

US Trustee
903 San Jacinto Blvd. Rm. 230
Austin, TX 78701
**ECF Notified**

Bruce Wilpon
Special Assistant US Attorney
300 E 8th St. Suite 601
Austin, TX 78701---**ECF Notified**

Patrick B. Larkin
The Larkin Law Firm
6302 Broadway, Suite 230
Pearland, TX 77581---------
Atty for JB Contractors & Cory Davis Contracting—**ECF Notified**

Charles E. Long
Tagtmeier, Stumpf Cannon Fasthoff, PC
1177 West Loop South, Suite 1300
Houston, TX 77027
Atty for Oxford Development Corp.—**ECF Notified**

Eli O. Columbus-Winstead PC
5400 Renaissance Tower
1201 Elm Street
Dallas, TX 75270
Atty for C-III Asset Management-**ECF Notified**

Craig R. Denum—**ECF Notified**
11757 Katy Freeway Ste. 1010
Houston, TX 77079
Attorney for OmniBank

| | |
|---|---|
| John Dillman of Linebarger, Goggan Blair & Sampson<br>PO Box 3064<br>Houston, TX 77253<br>Attorney for City of Pearland---**ECF Notified** | Michael Durrschmidt<br>Hirsch & Westheimer, PC<br>700 Louisiana 25th Floor<br>Houston, TX 77002<br>Attorney for City National Bank<br>**ECF Notified** |

and by first class US Mail on September 15, 2010 to the attached matrix.

/s/ Frank B. Lyon_____
Frank B. Lyon