IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re § | | Case No. 10-11926 |
| § | | |
| **PEARLAND SUNRISE LAKE VILLAGE I, LP,** § | | Chapter 11 |
| § | | |
| **Debtor** § | | |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

IN ACCORDANCE WITH LOCAL BANKRUPTCY RULE 4001(A)(1)(B), THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS. IF NO TIMELY RESPONSE IS FILED WITHIN FIFTEEN (15) DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD. A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.

TO THE HONORABLE CRAIG A. GARGOTTA, U.S. BANKRUPTCY JUDGE:

C-III Asset Management LLC, formerly known as Centerline Servicing, Inc. ("C-III"), as special servicer for the Note Holders,[1] files this Motion for Relief from the Automatic Stay, and respectfully states the following in support:

### Jurisdiction and Venue

1. The Court has jurisdiction to consider the relief requested herein under 28 U.S.C. § 1334(b) and the standing order of reference of the District Court. The request for relief from the automatic stay is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1] Bank of America, N.A., as successor by merger to LaSalle Bank National Association, the successor-in-interest to Wells Fargo Bank, N.A. and as the Trustee for the Registered Certificateholders of Bear Stearns Commercial Mortgage Securities II Inc., Commercial Mortgage Pass-Through Certificates, Series 2006-PWR11 (in its capacity as the holder of the *A* Note, the "*A* Note Holder"), and Mezz Cap Finance, LLC, a Delaware limited liability company, or its successor and assigns (the "*B* Note Holder") are collectively the "**Note Holders**".

## Background

2. On July 9, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. The Debtor's bankruptcy is a "single asset real estate" case as defined under 11 U.S.C. § 101(51B). The Note Holders' claims against the Debtor totaling at least $13.65 million are secured by properly perfected first-priority liens and security on substantially all of the Debtor's real and personal property, primarily an office building and shopping center known as Pearland Sunrise Lake Village located in Pearland, Texas (the "Property").

3. The Debtor did not file a motion for authority to use cash collateral until September 14, 2010, more than two months after the Petition Date.[2] Upon information and belief, during the two-plus months before the Debtor filed its cash-collateral motion, the Debtor used at least $19,000 of the Note Holders' cash collateral without Court approval or C-III's consent, and at least $7,200 of the $19,000 was spend on payments to insiders of the Debtor.

4. After holding hearings, the Court entered an agreed interim cash-collateral order allowing use of cash collateral for September 2010, and a final agreed cash-collateral order allowing use of cash collateral through the end of November 2010. *See* docket # 33 and # 37.

## Relief Requested

5. Cause exists for this Court to grant C-III and the Note Holders relief from the automatic stay under 11 U.S.C. § 362(d)(2), and to the extent the Debtor fails to comply with the final cash-collateral order, under § 362(d)(3). C-III requests that the Court grant relief from the automatic stay to allow C-III and the Note Holders to take all steps necessary to exercise their rights and remedies against the Property and related collateral and to apply the proceeds to the Note Holders' claims.

---

[2] *See* docket # 28 (debtor's cash-collateral motion).

## Basis for Relief

**A.     SECTION 362(D)(2) — LACK OF EQUITY AND LACK OF REASONABLE POSSIBILITY OF SUCCESSFUL REORGANIZATION.**

6.     The automatic stay should be lifted under 11 U.S.C. § 362(d)(2). Under § 362(d)(2), the Court "shall" grant relief from the automatic stay with respect to certain property if (*i*) the Debtor does not have any equity in the property and (*ii*) the property is not necessary for an effective reorganization. Both elements of § 362(d)(2) are satisfied in this case.

7.     A debtor has no equity in property for the purposes of § 362(d)(2) when the debts secured by liens on the property exceed the value of the property.[3] The Debtor concedes lack of equity in the Property. The Debtor stipulated that the Note Holders' claims are at least $13.65 million, but schedules the value of the Property at less than $8.5 million.[4]

8.     Additionally, the Debtor cannot demonstrate that the Property is necessary for an effective reorganization.[5] To demonstrate that property is necessary for an effective reorganization, the Debtor must do more than show that there can be no conceivable reorganization without the Property. The mere indispensability of the property to the debtor's survival and the debtor's hopes of reorganization are insufficient to justify continuation of the stay when reorganization is not reasonably possible.[6] Instead, the Debtor must show that the Property is essential for an effective reorganization that is in prospect, legally possible, and likely to be achieved within a reasonable time.[7]

---

[3] *Sutton v. Bank One, Texas, N.A.*, 904 F.2d 327, 329 (5th Cir. 1990).

[4] *See* docket # 37 (final cash-collateral order) at ¶ *g*; and docket # 16 (schedules) at pg. 1.

[5] *See* 11 U.S.C. § 362(g)(2) (Debtor has burden of proof on all lift-stay issues except lack of equity).

[6] *Coones v. Mutual Life Ins. Co.*, 168 B.R. 247, 259 (D. Wyo. 1994), *aff'd*, 56 F.3d 77 (10th Cir. 1995).

[7] *United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Ass'n*, 484 U.S. 365, 376 (1988) (in order for a debtor to meet its burden under 11 U.S.C. § 362(d)(2), it must demonstrate a "reasonable possibility of a successful reorganization within a reasonable time"); *see also*, *e.g.*, *In re Petit*, 176 B.R. 296, 298 (Bankr. D. Me. 1995); *In re Embassy Enterprises of St. Cloud*, 125 B.R. 552, 555 (Bankr. D. Minn. 1991) (noting that adequate protection is irrelevant to inquiry under § 362(d)(2)); *and In re Swedeland Development Group, Inc.*, 16 F.3d 552 (3d Cir. 1994).

9. The Debtor bears the burden of proof that a reasonable possibility of reorganization of its financial affairs can occur within a reasonable time.[8] The Debtor cannot satisfy its burden because, among other reasons:

- The Debtor cannot propose a confirmable plan without C-III's consent. The Note Holders are the Debtor's only secured creditors and hold (according to the Debtor's own schedules) a deficiency claim of at least $5.15 million, which swamps the scheduled remaining unsecured claims of about $2.49 million. Moreover, a large portion of the $2.49 million in scheduled unsecured claims are not eligible to vote under 11 U.S.C. § 1129(a)(10) because they are held by insiders of the Debtor.

- The Debtor's current cash flow, at approximately 84% occupancy, is not sufficient to pay debt service even under a cramdown scenario with the Note Holders' secured claim reduced to $8.5 million. Assuming all of the other loan terms remain the same, interest payments alone on a $8.5 million secured claim would be approximately $50,000 each month. The Debtor's current monthly net income (after payment of tax and insurance escrows) is only about $30,000.

**B. SECTION 362(D)(3) — CONTINUED INTEREST PAYMENTS FOR SINGLE-ASSET REAL-ESTATE DEBTOR.**

10. Alternatively, should the Court find that cause does not exist to grant C-III and the Note Holders relief from the automatic stay at this time under 11 U.S.C. § 362(d)(1) or § 362(d)(2), the Court should enter an order granting C-III and the Note Holders immediate relief from the automatic stay if the Debtor fails to comply with the requirements of 11 U.S.C. § 362(d)(3). As discussed earlier, the Debtor cannot propose a plan that has a reasonable possibility of being confirmed within a reasonable amount of time.[9] Thus, if the Debtor fails to continue making payments of interest at the non-default rate under the final cash-collateral order, the Court should enter an order providing that the automatic stay is immediately terminated.

---

[8] *United Savings Assoc. of Texas vs. Timbers of Inwood Forest Assoc., Ltd.*, 484 U.S. 365, 376 (1988).

[9] At this time, the Debtor has not indicated any source of outside funding, whether from equity, third-party financing, or potential purchaser.

---

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**     **Page 4 of 6**

11. For all of the foregoing reasons, cause exists for the Court to grant relief from the automatic stay for C-III and the Note Holders. C-III also requests a waiver of the 10-day stay under Bankruptcy Rule 4001(a)(3). C-III reserves the right to further amend or supplement this motion at any time prior to the final hearing.

**WHEREFORE,** C-III respectfully requests that the Court enter an order (*a*) granting this motion, (*b*) terminating the automatic stay to allow C-III and the Note Holders to take all steps necessary to exercise their rights and remedies against the Property and related collateral, and (*c*) granting such other and further relief as is appropriate and just under the circumstances. C-III also requests general relief.

**Dated**: October 13, 2010.

Respectfully submitted,

**WINSTEAD PC**
5400 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270-2199
(214) 745-5400
(214) 745-5390 (Facsimile)

By: */s/ Weiting Hsu*
   Eli O. Columbus – SBT # 24028062
   "Erik" Weiting Hsu – SBT # 24046116

**ATTORNEYS FOR C-III ASSET MANAGEMENT LLC**

### Certificate of Conference

I certify that I conferred with Debtor's counsel (Frank Lyon) via email on October 9 and 11, 2010 regarding the relief requested in this Motion. The Debtor opposes this Motion.

   */s/ Weiting Hsu*
   Weiting Hsu

## Certificate of Service

       I hereby certify that on October 13, 2010, notice of this document will be electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District.

                                                  /s/ *Weiting Hsu*
                                                       Weiting Hsu