**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: November 12, 2010.**



_____
**H. CHRISTOPHER MOTT
UNITED STATES BANKRUPTCY JUDGE**
_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **In re** | § | **Case No. 10-11926** |
| | § | |
| **PEARLAND SUNRISE LAKE VILLAGE I, LP,** | § | **Chapter 11** |
| | § | |
| **Debtor** | § | |

### ORDER REGARDING C-III'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

The Court, having considered C-III Asset Management LLC's Motion for Relief from the Automatic Stay (docket # 40, the "Motion"), and the evidence and arguments presented by counsel at the November 8, 2010 hearing, finds that:

    *a.*    The Court has jurisdiction to consider the relief requested in the Motion under 28 U.S.C. § 1334(b) and the standing order of reference of the District Court; and that this matter is a core proceeding under 28 U.S.C. § 157(b)(2).

    *b.*    Notice of the Motion and hearing on the Motion was sufficient and complied with the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules, and no further notice is required.

    *c.*    Cause exists to modify the automatic stay subject to the terms of this Order.

It is therefore **ORDERED** that, for the reasons stated on the record:

    1.    The automatic stay shall remain in effect if and only if:

  (*a*)  the Debtor files a plan and disclosure statement no later than November 30, 2010; **and**

  (*b*)  the Debtor makes the remaining November 2010 payments to C-III as required by the Final Cash Collateral Order (docket # 37), in the amount of $70,273.63, within five calendar days after receiving a notice of event of default.

2.  If the Debtor fails to satisfy either paragraph 1(*a*) or 1(*b*) of this Order, the automatic stay shall terminate immediately without the need for further order from this Court.

  ### End of Order ###