UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: PEARLAND SUNRISE LAKE VILLAGE I, LP | § § | CASE NO. 10-11926-HCM |
| DEBTOR | § | CHAPTER 11 |

MOTION OF THE UNITED STATES TRUSTEE
TO DISMISS CASE OR, IN THE ALTERNATIVE,
TO CONVERT CASE TO A CASE UNDER CHAPTER 7

**THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.**

**IF NO TIMELY RESPONSE IS FILED WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD.**

**A TIMELY RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.**

**THE MOVANT EXPRESSLY CONSENTS TO A CONTINUANCE FOR THE REQUIREMENT OF 11 U.S.C. § 1112(b)(3) THAT THE HEARING BE COMMENCED WITHIN 30 DAYS AFTER THE FILING OF THIS MOTION.**

TO THE HONORABLE CHRISTOPHER H. MOTT, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, JUDY A. ROBBINS, THE UNITED STATES TRUSTEE for Region 7 ("UST") through the undersigned counsel and files this Motion to Dismiss, or in the Alternative to Convert Case to a Case Under Chapter 7 pursuant to 11 U.S.C. § 1112(b)(1), (2), and (3) and Local Bankruptcy Rule 2015(b) and respectfully represents as follows:

1. The Court has jurisdiction of this matter under 28 U.S.C. § 134(a) and (b), 28 U.S.C. § 157(a) and (b)(1), 28 U.S.C. § 151, and 11 U.S.C. § 1112(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B).

2. Pearland Sunrise Lake Village I, LP ("Debtor") filed a voluntary petition under Chapter 11 of Title 11, United States Code on July 9, 2010.

3. Cause exists to dismiss or convert this case pursuant to 11 U.S.C. § 1112(b)(4)(A). Because Debtor has not filed complete and accurate monthly operating reports ("MORs") on a regular basis, the Court, the United States Trustee, and the creditors are unable to determine if Debtor has a reasonable likelihood of rehabilitation or if there has been a continuing loss to or diminution of the estate. Without operating reports, the Court, the U.S. Trustee, and creditors do not know whether Debtor is paying its post petition obligations as they come due or whether Debtor is accruing administrative expenses. Either of these obligations decreases the possible recovery for unsecured creditors. Furthermore, the Court, the U.S. Trustee, and creditors cannot know whether Debtor is generating positive cash flow such that it will be able to fund a plan out of future earnings. Although Debtor filed a Plan and Disclosure Statement in this case and a hearing is currently set for July 25, 2011, the stay is lifted and reorganization does not appear necessary.

4. Failure to file current accurate MORs is also cause for conversion or dismissal of a case pursuant to 11 U.S.C. § 1112(b)(4)(F) and Local Rule 2015(b). Pursuant to Bankruptcy Code Section 704(8) (made applicable to cases filed under Chapter 11 by sections 1107(a) and 1106(a)(1), Fed. R. Bankr. P. 2015, and Local Rule 2015(b)), Debtor is required to file monthly operating reports with the Court no later than the twentieth day following the end of each calendar month. Debtor has not filed the MORs for the month of May 2011 and June 2011 will be due no later than July 20, 2011. Without these reports parties cannot ascertain the status of Debtor's efforts toward reorganization or Debtor's ability to reorganize.

5. Cause exists to convert or dismiss a case pursuant to 11 U.S.C. § 1112(b)(4)(K) for failure to pay any fees required under Chapter 123 of Title 28, United States Code. Debtor has failed to pay UST quarterly fees for the second quarter of 2011 and fees are incurred for the

third quarter of 2011. The UST cannot determine Debtor's actual disbursements without the MORs, but fees have been running $975 per quarter. The UST asserts Debtor has incurred quarterly fees for the second quarter in the amount of $975 and for the third quarter in the amount of $975 and will continue to incur quarterly fees until such time as the case is closed by the court, converted, or dismissed.

6. On March 2, 2011, an Agreed Granting Relief was entered and the secured creditor has the right to post all the real property owned by Debtor for foreclosure. With that agreement, reorganization appears unnecessary and the only remaining dispute appears to be the distribution of insurance proceeds as described in the paragraph below.

7. Debtor is a party in a pending adversary, number 10-01145, brought to determine disbursement of insurance proceeds now held in the registry of the Court. This matter is pending in the bankruptcy case of a related entity, Pearland Sunrise Lake Center LP, and has been pending since October 27, 2010. On March 2, 2011, the Court entered an order which appears to finally bring all funds into the registry of this Court and provides for disbursement of some portion of the funds to certain claimants. On information and belief, the distribution of these proceeds to creditors of each of the bankruptcy entities is the only remaining matter in controversy in these matters. It doesn't appear that reorganization is required to achieve this. With respect to the pending adversary, the UST would ask the Court to retain jurisdiction over that matter after dismissal of the associated bankruptcy case. Debtor will remain a party to this adversary.

8. For cause set forth above and because Debtor has failed to accept the basic responsibilities of a Chapter 11 debtor-in-possession, the Court, the U.S. Trustee, and the

3

creditors have no basis by which to monitor Debtor's operations, this case should be dismissed or converted to Chapter 7 pursuant to 11 U.S.C. § 1112(b) and Local Rule 2015(b).

9. In the event of dismissal, the UST requests that the Order provide for payment of any quarterly fees owed to the UST and any noticing fees owed to the Clerk of the Bankruptcy Court at the time of dismissal of the case pursuant to 28 U.S.C. § 1930.

WHEREFORE, premises considered, the United States Trustee prays that the Court dismiss this case or, in the alternative, convert this case to a case under Chapter 7 for cause. The UST prays for any and all further relief as is equitable and just.

Respectfully submitted,

JUDY A. ROBBINS
UNITED STATES TRUSTEE
REGION 7

By: */s/ Deborah A. Bynum*
Deborah A. Bynum
Trial Attorney
SBT# 03556250
903 San Jacinto Blvd., Room 230
Austin, Texas 78701
(512) 916-5328
(512) 916-5331 Fax
Deborah.A.Bynum@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that I forwarded a true and correct copy of the foregoing United States Trustee's Motion to Dismiss, or in the Alternative to Convert Case to a Case Under Chapter 7 by prepaid first class mail and/or by electronic means for all Pacer system participants to the parties listed on Debtor's Mailing Matrix on this the 14th day of July, 2011.

*/s/ Deborah A. Bynum*
Deborah A. Bynum

```
Label Matrix for local noticing              Pearland Sunrise Lake Village II, LP         U.S. BANKRUPTCY COURT
0542-1                                       10516 FM 1431 East                           903 SAN JACINTO, SUITE 322
Case 10-11925-hcm                            Marble Falls, TX 78654-3387                  AUSTIN, TX 78701-2450
Western District of Texas
Austin
Wed Jul  6 08:47:18 CDT 2011

AT&T                                         AT&T Inc.                                    BC Liner
PO Box 5001                                  c/o James Grudus, Esq.                       7925 Bissel Road
Carol Stream, IL 60197-5001                  One AT&T Way, Room 3A218                     Manvel, TX 77578
                                             Bedminster, NJ 07921-2694


Cemex Construction Materials, LP             Certified Electrical Services                City National Bank
411 N. Sam Houston Pkwy. East                10511 Windsor Lane, Suite B109               c/o Michael J Durrschmidt
Suite 550                                    Houston, TX 77031-3709                       700 Louisiana, Suite 2550
Houston, TX 77060-3555                                                                    Houston, Texas 77002-2756


City of Pearland                             City of Pearland                             Cross Check Public Adjusters
Linebarger Goggan Blair & Sampson LLP        PO Box 2068                                  450 El Dordo Street #201
c/o John P. Dillman                          Pearland, TX 77588-2068                      Pasadena, CA  91101-2508
P.O. Box 3064
Houston, Texas 77253-3064


Cross Check Public Adjusters, Inc.           CrossCheck                                   Douglas T.Gilman
c/o Michael Y. McCormick                     Attention: Gary Baca                         Gilman & Allison
1900 West Loop South, #1800                  540 El Dorado St. Suite 201                  9307 Broadway-Suite 407
Houston, TX 77027-3263                       Pasadena, CA 91101-2508                      Pearland, TX 77584-9767


Dr. Andrew Tran                              Earl Kirkland                                Fire Tech Services Co.
Arrow Dental                                 c/o Patrick B. Larkin                        16511 Hedgecroft, Suite 210
9515 Broadway, Suite 117                     The Larkin Law Firm, P.C.                    Houston, TX 77060-3622
Pearland, TX 77584-6200                      6302 Broadway, Suite 230
                                             Pearland, TX 77581-7828


Gilman & Allison                             Gilman & Allison                             Green Mountain Energy
c/o Douglas T.Gilman, Brenton Allison        c/o John Wesley Wauson                       300 West 6th St. Suite 900
John Wauson, F. Spagnoletti, M Phillips      Wauson - Probus                              Austin, TX 78701-3957
9307 Broadway-Suite 407                      One Sugar Creek Center Blvd., Suite 880
Pearland, TX 77584-9767                      Sugar Land, Texas 77478-3557


Horizon Pools, Landscape & Nursery           (p)INTERNAL REVENUE SERVICE                  J.B. Contractors & Development, LLC
5903 Broadway                                CENTRALIZED INSOLVENCY OPERATIONS            c/o Patrick B. Larkin
Pearland, TX 77581-7807                      PO BOX 7346                                  The Larkin Law Firm, P.C.
                                             PHILADELPHIA PA 19101-7346                   6302 Broadway, Suite 230
                                                                                          Pearland, TX 77581-7828


John R. Carlew                               John Wesley Wauson                           Lowery Bank, A division of Huntington State
Trustee of John R. Carlew Living Trust       Wauson & Probus                              c/o Bruce M. Badger, atty
10516 FM 1431 East                           One Sugar Creek Center Blvd. #880            3400 Avenue H, 2nd Floor
Marble Falls, TX 78654-3387                  Sugar Land, TX 77478-3557                    Rosenberg, Texas 77471-2873


Meador Staffing                              Mythilis World, Inc.                         Nationwide Insurance
9515 Broadway, Suite 115                     9515 Broadway, Suite 119                     PO Box 514540
Pearland, TX 77584-6200                      Pearland, TX 77584-6200                      Los Angeles, CA 90051-4540
```

| | | |
|---|---|---|
| O'Conner Commercial Tax Division<br>2200 North Loop West, Suite 200<br>Houston, TX 77018-1754 | Omni Bank<br>4328 Old Spanish Trail<br>Houston, TX 77021-1694 | OmniBank, N.A.<br>c/o Storey & Denum, P.C.<br>11757 Katy Freeway, Suite 1010<br>Houston, Texas 77079-1762 |
| Oxford Development<br>1200 Blalock #200<br>Houston, TX 77055-6441 | Oxford Development Corp<br>c/o Charles Long<br>1177 W.Loop South Ste 1300<br>Houston,TX 77027-9068 | Oxford Development Corporation<br>940 Corbindale<br>Houston,TX 77024-2800 |
| Oxford Development Corporation<br>Attn:  Jon Arledge<br>940 Corbindale<br>Houston, TX 77024-2800 | Pronote, Inc.<br>PO Box 2847<br>Houston, TX 77252-2847 | Resolution Finance, LLC<br>3010 LBJ Freeway 12th Floor<br>Dallas, TX 75234-2710 |
| Resolution Finance, LLC<br>c/o Howard Marc Spector<br>Spector & Johnson, PLLC<br>12770 Coit Road, Suite 1100<br>Dallas, TX 75251-1329 | Shipley Do-nuts<br>5200 No. Main<br>Houston, TX 77009-3665 | Spagnoletti & Co<br>c/o David J. Askanse<br>333 Clay St, 29th Floor<br>Houston, TX 77002-2571 |
| Statewide Traffic Signal<br>1408 West 34th Street<br>Houston, TX 77018-6212 | Tax Ease Funding LP<br>c/o Spector & Johnson PLLC<br>12770 Coit Rd. #1100<br>Dallas TX 75251-1329 | Texas First Fidelity<br>2208 Willow<br>Pearland, TX 77581-3848 |
| The Republic Group<br>5525 LBJ Freeway<br>Dallas, TX 75240-6241 | United States Trustee - AU12<br>United States Trustee<br>903 San Jacinto Blvd, Suite 230<br>Austin, TX 78701-2450 | William L. H. Morgan, Jr., CPA<br>12815 Gulf Freeway<br>Houston, TX 77034-4807 |
| Xcess Security Services, Inc.<br>8325 Broadway, Suite 202 PMB3<br>Pearland, TX 77581-5773 | Frank B. Lyon<br>6836 Austin Center Blvd.<br>Suite 150<br>Austin, TX 78731-3186 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | |
|---|---|
| IRS<br>Special Procedures Staff<br>300 E 8th Street<br>Stop 5022 AUS<br>Austin, TX 78701 | End of Label Matrix<br>Mailable recipients     49<br>Bypassed recipients      0<br>Total                   49 |