# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| In re | § | Case No. 10-11926 |
| | § | |
| PEARLAND SUNRISE LAKE VILLAGE I, LP, | § | Chapter 11 |
| | § | |
| Debtor | § | |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

IN ACCORDANCE WITH LOCAL BANKRUPTCY RULE 4001(A)(1)(B), THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS. IF NO TIMELY RESPONSE IS FILED WITHIN FIFTEEN (15) DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD. A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.

**MOVANT WILL BE FILING A REQUEST TO SET THIS MOTION FOR FINAL HEARING ON OCTOBER 18, 2011 AT 9:30 A.M., THE SAME TIME AS THE CONFIRMATION HEARING.**

TO THE HONORABLE H. CHRISTOPHER MOTT, U.S. BANKRUPTCY JUDGE:

C-III Asset Management LLC ("C-III"), as special servicer for the Note Holders,[1] files this Motion for Relief from the Automatic Stay, and respectfully states the following in support:

### Background[2]

1. On July 9, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. The Note Holders' claims against the Debtor totaling at least $13.65 million are secured by properly perfected first-priority liens

---

[1] U.S. Bank National Association, successor-in-interest to Bank of America, N.A., as successor by merger to LaSalle Bank National Association, the successor-in-interest to Wells Fargo Bank, N.A., and as the Trustee for the Registered Certificateholders of Bear Stearns Commercial Mortgage Securities II Inc., Commercial Mortgage Pass-Through Certificates, Series 2006-PWR11 (in its capacity as the holder of the *A* Note, the "*A* Note Holder"), and Mezz Cap Finance, LLC, a Delaware limited liability company, or its successor and assigns (the "*B* Note Holder") are collectively the "**Note Holders**".

[2] The Court has jurisdiction to consider the relief requested herein under 28 U.S.C. § 1334(b) and the standing order of reference of the District Court. The request for relief from the automatic stay is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

and security on substantially all of the Debtor's real and personal property, primarily an office building and shopping center known as Pearland Sunrise Lake Village located in Pearland, Texas (the "Property").  The Debtor stipulated to the validity, perfection, and priority of the Note Holders' claims.[3]

## Relief Requested

2.      Cause exists for this Court to grant C-III and the Note Holders relief from the automatic stay under 11 U.S.C. § 362(d)(1) and (2).  C-III requests that the Court grant relief from the automatic stay to allow C-III and the Note Holders to take all steps necessary to exercise their rights and remedies against the Property and related collateral and to apply the proceeds to the Note Holders' claims.

## Basis for Relief

3.      Section 362(d)(1) of the Bankruptcy Code allows the Court to grant relief from the automatic stay "for cause".  The "cause" necessary to warrant relief from the automatic stay is an intentionally broad and flexible concept that allows bankruptcy courts to respond in equity to inherently fact-sensitive situations.[4]  Cause exists under § 362(d)(1) to terminate the automatic stay because (among other reasons) the Debtor will be unable to timely confirm its Plan.  In an agreed order with the U.S. Trustee (*see* docket # 105), the Debtor agreed to October 31, 2011 as the deadline for Plan confirmation.  October 31 is more than 15 months after the Petition Date in this single-asset real-estate case.

4.      Cause also exists to terminate the stay under 11 U.S.C. § 362(d)(2).  Under § 362(d)(2), the Court "shall" grant relief from the automatic stay with respect to certain property

---

[3] *See* docket # 37 (final cash collateral order) at ¶¶ *h* and 27.

[4] *Reitnauer v. Texas Exotic Feline Found., Inc. (In re Reitnauer)*, 152 F.3d 341, 343 n. 4 (5th Cir. 1998); *In re Sentry Park, Ltd.*, 87 B.R. 427, 430 (Bankr. W.D. Tex. 1988).  "The facts of each request will determine whether relief is appropriate under the circumstances."  H. Rep. No. 595, 95th Cong., 1st Sess. 344 (1977) and U.S. Code Cong. & Admin. News. 1978, pp 5787, 6300.

if (*i*) the Debtor does not have any equity in the property and (*ii*) the property is not necessary for an effective reorganization. The Debtor concedes lack of equity in the Property. The Debtor stipulated that the Note Holders' claims are at least $13.65 million, but schedules the value of the Property at less than $8.5 million.[5]

5. The second element of § 362(d)(2) is also satisfied because the Debtor cannot demonstrate that the Property is necessary for an effective reorganization.[6] The mere indispensability of the property to the debtor's survival and the debtor's hopes of reorganization are insufficient to justify continuation of the stay when reorganization is not reasonably possible.[7] Instead, the Debtor must show that the Property is essential for an effective reorganization that is in prospect, legally possible, and likely to be achieved within a reasonable time.[8] As outlined in C-III's objection to the Debtor's Plan, the Debtor will not be able to satisfy its burden to show an effective, timely, and legally permissible reorganization under § 362(d)(2). *See* docket # 107.

6. For all of the foregoing reasons, cause exists for the Court to grant relief from the automatic stay for C-III and the Note Holders. C-III also requests a waiver of the 14-day stay under Bankruptcy Rule 4001(a)(3). C-III reserves the right to further amend or supplement this motion at any time prior to the hearing.

**WHEREFORE,** C-III respectfully requests that the Court enter an order (*a*) granting this motion, (*b*) terminating the automatic stay to allow C-III and the Note Holders to take all steps

---

[5] *See* docket # 37 (final cash-collateral order) at ¶ g; and docket # 16 (schedules) at pg. 1.

[6] *See* 11 U.S.C. § 362(g)(2) (Debtor has burden of proof on all lift-stay issues except lack of equity).

[7] *Coones v. Mutual Life Ins. Co.*, 168 B.R. 247, 259 (D. Wyo. 1994), *aff'd*, 56 F.3d 77 (10th Cir. 1995).

[8] *United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Ass'n*, 484 U.S. 365, 376 (1988) (in order for a debtor to meet its burden under 11 U.S.C. § 362(d)(2), it must demonstrate a "reasonable possibility of a successful reorganization within a reasonable time"); *see also*, *e.g.*, *In re Petit*, 176 B.R. 296, 298 (Bankr. D. Me. 1995); *In re Embassy Enterprises of St. Cloud*, 125 B.R. 552, 555 (Bankr. D. Minn. 1991) (noting that adequate protection is irrelevant to inquiry under § 362(d)(2)); *and In re Swedeland Development Group, Inc.*, 16 F.3d 552 (3d Cir. 1994).

necessary to exercise their rights and remedies against the Property and related collateral, and (*c*) granting such other and further relief as is appropriate and just under the circumstances.  C-III also requests general relief.

**Dated**: September 23, 2011

Respectfully submitted,

**WINSTEAD PC**
5400 Renaissance Tower
1201 Elm Street
Dallas, Texas  75270-2199
(214) 745-5400
(214) 745-5390 (Facsimile)

By:___*/s/ Weiting Hsu*_____
　　　Eli O. Columbus – SBT # 24028062
　　　"Erik" Weiting Hsu – SBT # 24046116

**ATTORNEYS FOR C-III ASSET
MANAGEMENT LLC**

**Certificate of Conference**

I certify that I conferred with Debtor's counsel (Frank Lyon) via email and telephone on September 19, 2011 regarding the relief requested in this Motion.  The Debtor opposes this Motion.

　　　*/s/ Weiting Hsu*　　　
Weiting Hsu

**Certificate of Service**

I hereby certify that on September 23, 2011, notice of this document will be electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District, and a true and correct copy of this document will be served via U.S. First-Class mail on parties listed on the attached service list.

　　　*/s/ Weiting Hsu*　　　
Weiting Hsu
